UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DANIELS, *et al.*<br><br>　　　　Defendants. | Case No. 2:21-cv-00681-RFB-VCF<br><br>**ORDER** |

　　Before the Court for consideration are the following motions: Plaintiff Brandon Green's Motion for Preliminary Injunction (ECF No. 20), Defendants' MOTION to Seal Document (ECF No. 23), Plaintiff's MOTION to Extend Time (ECF No. 30), Plaintiff's MOTION for Summary Judgment (ECF No. 42), Plaintiff's MOTION Supporting Summary Judgment (ECF No. 53), Plaintiff's MOTION for Transcripts (ECF No. 71), Plaintiff's MOTION for Appointment of Counsel (ECF No. 86), and Plaintiff's MOTION Update Motion (ECF No. 87).

　　For the foregoing reasons, the Court denies Plaintiff's motions for injunctive relief, summary judgment, transcripts, and update, but grants Plaintiff's motions to extend time and for appointment of counsel and Defendants' motion to seal.

**I.　MOTION FOR PRELIMINARY INJUNCTION, ECF No. 20**

　　The Court denies this motion. "To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Nat. Res.

Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court held a Motion Hearing on May 12, 2023. ECF No. 76. During the hearing, Defendants were ordered to file Plaintiff's medical records. See id. Defendants filed Plaintiff's medical records under seal. See ECF Nos. 79, 80. In response, Plaintiff filed a NOTICE - Plaintiffs Review of Medical Records Ordered by the Judge, NOTICE of Medical Records-2nd set/additional review, and NOTICE Motion: Up-Date Motion, For Facts To be Made Known. ECF Nos. 83, 84, 85. Based on representations made at the May 12, 2023 Motion Hearing, the Court's review of the related filings, see ECF Nos. 79, 80, 83, 84, 85, and the record in this case, it appears that, at this juncture, any relief requested in the Motion for Preliminary Injunction, which the Court has authority to grant, has been, or is being, provided to Plaintiff, following his transfer to Lovelock Correctional Center. Additionally, the Court does not find any records indicating that Plaintiff has any outstanding medical orders to receive physical therapy.

In conclusion, the Court denies this motion without prejudice.

## II.   MOTIONS FOR SUMMARY JUDGMENT, ECF Nos. 42, 53

The Court finds that Plaintiff's motions for summary judgment are premature. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441

(9th Cir. 2017) (citations omitted).

Discovery in this case closes on September 27, 2023, thus discovery is ongoing. See ECF No. 59. Further, Plaintiff's notices suggest that the arguments raised in Plaintiff's motions will benefit from the completion of discovery. ECF Nos. 83, 84, and 85. The Court therefore denies the motions as premature, without prejudice, to refiling at, or near, the end of discovery. See, e.g., Doe. v. Roe, No. 2:12-CV-01644-RFB, 2015 WL 500896, at *2 (D. Nev. Feb. 5, 2015) (denying motion for summary judgment as premature because discovery was not yet complete); Herndon v. State, No. 3:22-CV-00271-ART-CLB, 2023 WL 3995534, at *2-3 (D. Nev. June 14, 2023) (same); Sharkey v. NaphCare, Inc., No. 2:18-CV-0025-KJD-BNW, 2020 WL 2563821, at *4 (D. Nev. May 20, 2020) (same). In the meantime, Plaintiff shall refrain from filing any more notices regarding his factual findings concerning his medical records.

In sum, these motions are denied without prejudice.

### III.    MOTION FOR APPOINTMENT OF COUNSEL, ECF No. 86

Plaintiff requests the appointment of counsel in part because of his in forma pauperis status and his case is legally complex. Civil litigants do not have a Sixth Amendment right to appointed counsel. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the "likelihood of plaintiff's success on the merits," and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Id. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. See McElyea v. Babbitt, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an

indigent civil litigant under 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

First, the Court finds that Plaintiff has presented a plausible deliberate indifference to a serious medical need Eighth Amendment based claim. The Court finds the articulation of this cognizable claim for relief is sufficient to satisfy the motion for appointment of counsel's merits analysis. See Tilei v. McGuinness, 642 F. App'x 719, 722 (9th Cir. 2016) (concluding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits"). Second, the Court finds that such a claim is complex because of the medical issues involved relating to Defendants' alleged failures to provide Plaintiff with medical treatment. See Tai Huynh v. Callison, 700 F. App'x 637, 638-39 (9th Cir. 2017). Accordingly, the Court finds that appointment of counsel is appropriate in this case and will therefore refer it to the Court's PRO BONO Project for the possible appointment of Pro Bono Counsel.

Plaintiff should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. Id. Thus, until counsel is appointed, he is still responsible for complying with all deadlines in his case. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

### IV.     MISCELLANEOUS MOTIONS, ECF Nos. 71, 87

On June 7, 2023, Plaintiff filed a motion for transcripts seeking the transcript for the Court's May 12, 2023 hearing to obtain details regarding the Court's order that Defendants provide him with his medical records. ECF No. 71. The Court finds that the basis for this request concerns matters that the record indicates have been resolved. Thus, the Court denies this request.

On July 14, 2023, Plaintiff filed a one-page motion titled "Update Motion." The motion is denied without prejudice. First, the motion is not supported by any memorandum of points or authorities. See Local Rule 7-2(a). Second, the motion fails to state what relief Plaintiff is seeking. See Local Rule IC 2-2. Therefore, the Court denies this motion without prejudice.

## V.   CONCLUSION

**IT IS ORDERED** that the Motion for Preliminary Injunction (ECF No. 20) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the MOTION to Seal Document (ECF No. 23) is **GRANTED**. See, e.g., Hill v. Baker, No. 3:11-CV-00717, 2014 WL 177413, at *4 (D. Nev. Jan. 13, 2014) (finding that medical privacy has qualified as a compelling reason for sealing records).

**IT IS FURTHER ORDERED** that the MOTION to Extend Time (First Request) (ECF No. 30) is **GRANTED**, nunc pro tunc.

**IT FURTHER ORDERED** that the MOTION for Summary Judgment (ECF No. 42) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the MOTION Supporting Summary Judgment (ECF No. 53) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the MOTION for Transcripts (ECF No. 71) is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that the MOTION for Appointment of Counsel (ECF No. 86) is **GRANTED**. This matter is **REFERED** to the PRO BONO Project for the possible appointment of Pro Bono Counsel if the case is not settlement is reached.

**IT IS FURTHER ORDERED** that the MOTION Update Motion (ECF No. 87) is **DENIED** without prejudice.

Finally, in light of the parties' representations during the May 12, 2023 Motion Hearing, **IT IS FURTHER ORDERED** that this case is **REFERRED** to the Magistrate Judge for the scheduling of a settlement conference.

**DATED:** July 31, 2023

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**