**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brandon Green, <br><br>   Plaintiff(s), <br><br> vs. <br><br> Charles Daniels, et al., <br><br>   Defendant(s). | 2:21-cv-00681-RFB-MDC <br><br> **Order** |

The Court has considered plaintiff Brandon Green's pending motions to name, to appoint an expert, for a physical examination, for failure to reply, and to compel discovery. ECF Nos. 107, 108, 112, 115, and 116. The Court denies the motions.

**I.     Mr. Green's Motion to Name Unnamed and Serve Defendants (ECF No. 107)**

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Per Local Rule 15-1(a), "Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." LR 15 (a) also states that, "[t]he proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."

The Court denies the motion. Mr. Green is requesting to correct the original complaint to add defendants Hernandez and Guard Merra. However, the Court treats the motion as a motion for leave to amend because Mr. Green is adding new parties, which is a substantive change. The Court denies Mr.

Green's motion because Mr. Green did not provide a proposed amended complaint which includes defendants Hernandez and Guard Merra and the claims against them.

## II.    Mr. Green's Motion to Appoint Expert/Independent Witness (ECF 108)

Mr. Green also moves the Court for the appointment of an expert witness to assist him in the presentation of evidence and advocating for his case.  The Federal Rules of Evidence allow a District Court to appoint an expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a). The purpose of a Rule 706 expert is to assist the court in evaluating contradictory or complex evidence or issues, rather than to aid a plaintiff's prosecution of his own case. See *Gorton v. Todd*, 793 F. Supp.2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference). "While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side…where the cost would likely be apportioned to the government, the court should exercise caution." *Sekerke v. Gonzalez*, No. 15-CV-00573-JLS-WVG, 2017 WL 1399990, at *2 (S.D. Cal. Apr. 19, 2017), citing to Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist*., 291 F.3d 1086, 1090 (9th Cir. 2002); and *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). "When addressing whether the Court should appoint an expert, the Court should examine whether there exists complex scientific, technical, or other specialized trial issues." *Sekerke,* No. 15-CV-00573-JLS-WVG, 2017 WL 1399990, at 2, citing to *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) (recommending the district court appoint counsel to pro se prisoner plaintiff considering the complexity of the scientific evidence regarding the health effects of second hand smoke)  and *Faletogo v. Moya*, 2013 WL 524037, *1 (S.D. Cal. 2013) (finding that an excessive force claim was not so complex as to require the testimony of expert witnesses to assist the trier of fact).

The Court finds that Mr. Green's civil rights claims are not so complex as to require the testimony of expert witnesses to assist the trier of fact. See, e.g., *Faletago*, supra at *1-2 (in a civil rights action in which the plaintiff claimed law enforcement assaulted him in violation of the Eighth Amendment, the

court found an expert witness was unnecessary for such a claim because there was no scientific, technical, or specialized knowledge required to understand the evidence or determine a fact). If the court were to appoint an expert, it would be an impartial, neutral, expert to assist the Court or jury, and not to assist of advocate for plaintiff. See e.g. *Gorton*, 793 F. Supp. 2d at 1184 n.11 ("28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court.") Because plaintiff does not identify an issue that requires scientific, technical, or specialized knowledge, the exceptional circumstances which might require the appointment of an expert witness do not exist. The Court denies the *motion to appoint expert/independent witness*. ECF No. 108.

### III. Mr. Green's Motion for Physical Examination (ECF No. 112)

Mr. Green's motion for a physical examination asks for two types of relief. Mr. Green first asks for medical treatment, but in his motion, he acknowledges that he has in fact received medical treatment upon his transfer to Lovelock. See ECF 112 at 2. The Court thus denies this request as unnecessary. Mr. Green is also asking for a medical examination as an indirect way for an appointment of an expert to support his claim that that his medical conditions are as severe as he alleges and that they are due to defendants' negligence. The Court denies Mr. Green's request for an expert for the same reasons as in his previous *motion to appoint expert/independent witness*. ECF No. 108. The Court thus denies Mr. Green's motion for physical examination. ECF No. 112.

### IV. Mr. Green's Motion for Failure to Reply (ECF No. 115)

Mr. Green argues in his *motion for failure to reply* (ECF No. 115) that the Court should grant his *motion to name unnamed and serve defendants* (ECF No. 107) because the defendants did not file a response. The Court liberally construes his motion as a notice of non-opposition. Since the Court denies Mr. Green's *motion to name unnamed and serve defendants on the merits*, the Court denies his *motion for failure to reply* as unnecessary.

### V. Mr. Green's Motion to Compel Discovery (ECF No. 116)

Mr. Green's motion to compel seeks production of his medical records. The Court denies Mr.

Green's motion for the following two independent reasons. First, Mr. Green failed to comply with Local Rule 26-6(c). LR 26-6(c) requires a party filing a motion to compel discovery must, prior to filing the motion, make a good faith effort to meet and confer with the opposing party to resolve the discovery dispute. The party moving to compel must then submit a declaration together with his motion to compel and that declaration must certify that he in fact engaged in such good faith efforts to meet and confer with the opposing party. That declaration must include a discussion describing the meet and confer efforts. Here, Mr. Green did not submit a declaration together with his motion describing what good faith efforts he made to resolve the discovery dispute with defendants. In the absence of such declaration, the Court can only conclude that Mr. Green did not make any good faith efforts to try to resolve his discovery disputes prior to filing his motion. Second, the Court also denies Mr. Green's motion to compel because the defendants have certified that they have produced to Mr. Green a full copy of his medical file (ECF Nos. 125 and 125-1). In his reply (ECF No. 126), Mr. Green does not dispute that defendants have produced a full copy of his medical file.

For the foregoing reasons,

**IT IS ORDERED** that:

1. Plaintiff Brandon Green's *motion to name unnamed and serve defendants* (ECF No. 107) is DENIED.

2. Plaintiff's *motion to appoint expert/independent witness* (ECF 108) is DENIED.

3. Plaintiff's *motion for physical examination* (ECF No. 112) is DENIED.

4. Plaintiff's *motion for failure to reply* (ECF No. 115) is DENIED.

5. Plaintiff's *motion to compel discovery* (ECF No. 116) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

It is so ordered.

DATED this 20th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge