UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES DANIELS, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00681-RFB-MDC<br><br>**ORDER** |

**I.　INTRODUCTION**

Before the Court are Plaintiff's Motion to Correct, Objections to Magistrate Orders, and Motion for Consideration. ECF Nos. 121, 132, 133, 136.

**II.　PROCEDURAL BACKGROUND**

On April 23, 2021, the Plaintiff initiated this case by filing the Complaint. ECF No. 1. On January 31, 2022, the Court screened the Plaintiff's Complaint. ECF Nos. 10, 11. On January 11, 2023, the Plaintiff filed a Motion for Summary Judgment. ECF No. 42. On July 31, 2023, the Motion for Summary Judgment was denied without prejudice and the Court referred the case to Magistrate Judge Ferenbach for the scheduling of a settlement conference. ECF No. 88. On August 15, 2023, the Plaintiff sent a notice of an appeal. ECF No. 90. On September 27, 2023, the Ninth Circuit dismissed the appeal. ECF No. 96. On October 5, 2023, Judge Ferenbach held a settlement conference. ECF No. 97. The conference was continued to December 14, 2023, but was subsequently converted into a motion hearing.

On January 8, 2024, the Plaintiff submitted a Motion for Summary Judgment. ECF No. 114. On January 9, 2024, this case was reassigned to the Honorable Magistrate Judge Maximiliano Couvillier. ECF No. 117. On June 7, 2024, this Court denied the Motion for Summary Judgment

without prejudice as premature. ECF No. 151.

### III. MOTION TO CORRECT

Plaintiff submits a Motion to Correct indicating that his exhibits to support his Motion for Summary Judgment are separately docketed; however, he wishes for them to be considered together. This Court denied Plaintiff's Motion for Summary Judgment without prejudice, and provided a new deadline to refile the motion. Accordingly, this Motion to Correct is dismissed as moot.

### IV. OBJECTION TO MAGISTRATE ORDERS

The Court addresses each objection, in turn.

#### a. First Objection to Magistrate Order

First, Plaintiff objects to Judge Couvillier's order denying Plaintiff's Motion for Transcript.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted).

In his order, Judge Couvillier granted Plaintiff's Motion for Transcripts in part. Plaintiff's motion indicated that he needed transcripts from the December 14, 2023, hearing because he needed to note the remaining deadlines. Plaintiff's motion provides additional reasoning for his request. He notes that he may use the Defendants' statements on the record to support his Motion to Compel. However, Judge Couvillier has denied the Motion to Compel. Therefore, this objection is denied for mootness.

Additionally, transcripts are not loaded to the docket as a matter of course. Transcripts are

only loaded to the docket if a party orders a transcript and requests delivery in that manner, or if a presiding judge, at her discretion, orders the transcript be loaded. The Local Rules state that transcripts of court proceedings are only provided to the parties if they order and pay for the transcripts; these fees are non-taxable. LR 54-3. The only type of hearing where the Court itself must order a transcript is an Evidentiary Hearing in a Death Penalty case. LSR 5-3. The Court website has a section explaining how a party or counsel may order a transcript of a court proceeding. ORDERING TRANSCRIPTS – DISTRICT OF NEVADA, https://www.nvd.uscourts.gov/case-information/ordering-transcripts (last visited June 7, 2024).

### b. Second Objection to Magistrate Order

Second, Plaintiff objects to Judge Couvillier's order which denied Plaintiff's Motion to Request an Expert/Independent Witness, Motion to Request a Physical Examination, and Motion to Compel Discovery.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). ""Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted).

The Motion to Request an Expert Witness was denied because the court found that the civil rights claims were not so complex as to require the testimony of expert witnesses to assist the trier of fact. See Fed. R. Evid. 706(a) (The Federal Rules of Evidence allow a district court to appoint an expert on its own motion or on the motion of a party.). Plaintiff responds that he has continual physical pain. The Motion to Request a Physical Examination was denied because the requested relief was admittedly already provided and the request was an indirect attempt to request an expert

1  witness. Plaintiff asserts that his request is an attempt to determine the severity of his condition.
2  Plaintiff's Motion to Compel Discovery because of a failure to comply with a local rule requiring
3  that the petitioner submit a declaration certifying good faith efforts to meet and confer with the
4  opposing party;  and because the Defendant's certified production of a full medical file to Plaintiff
5  and Plaintiff did not dispute this. Plaintiff's response is unclear, but he seems to assert that he has
6  received over 1,000 pages of documentation, but he has not received the medical records he would
7  like.

8  The Court finds nothing that is clearly erroneous or is contrary to law. Fed. R. Civ. P.
9  72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). The Court finds nothing contrary to law as the
10  court's order did not misapply relevant statutes, case law, or rules of procedure. See Smith, 727
11  F.3d at 950. Therefore, this Objection is denied.

### V. MOTION FOR CONSIDERATION

Plaintiff's Motion for Consideration asserts that another incarcerated person complained of knee pain and received an MRI. Plaintiff asserts that he should have originally been provided with an MRI when he complained of knee and shoulder pain. The Defendants respond that Plaintiff is attempting to supplement his Motion for Summary Judgment without leave from this Court. Plaintiff's brief states that he does not wish to supplement his Motion for Summary Judgment, but wishes to inform the Court of information as Plaintiff becomes aware of it.

Courts are specifically directed to construe pro se pleadings liberally and this duty applies equally to pro se motions and with special force to filings from pro se inmates. See United States v. Qazi, 975 F.3d 989, 993 (9th Cir. 2020). The Court construes the Motion for Consideration as a Motion to Supplement.

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). The court may permit supplementation even though the original pleading is defective in stating a claim or defense. Id. Supplemental briefs may be filed only upon a showing of good cause, and only with leave of court. LR 7-2(g).

Here, Plaintiff attempts to provide the Court with personal, medical information concerning a non-party to this case. Plaintiff has not sought leave to supplement any of his motions. See Fed. R. Civ. P. 15(d); LR 7-2(g). Moreover, the Court does not find this pleading relevant. Under Rule 12(f), a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Here, Plaintiff provides the medical information of a non-party which the Court finds immaterial. The Court strikes this pleading.

The Court wants to clarify this Order does not prevent the Plaintiff from filing a motion for a preliminary injunction or seeking other types of relief for medical or other conditions connected to his claims in this case. He must, however, do so in the proper form to obtain such treatment or relief. The Court will continue to consider and review all of his motions or requests.

## VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that the (ECF No. 121) Motion to Correct is **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that the (ECF No. 132) Objection Magistrate Order is **DENIED**.

**IT IS FURTHER ORDERED** that the (ECF No. 133) Motion for Consideration is **DENIED** and **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the (ECF No. 132) Objection Magistrate Order is **DENIED**.

**DATED:** September 29, 2024

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**