UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brandon Green,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Charles Daniels, et al.,<br><br>　　　　　　Defendant(s). | 2:21-cv-00681-RFB-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION (ECF NO. 173) AND COMPELLING DEFENDANTS TO IMMEDIATELY PRODUCE TO PLAINTIFF HIS MEDICAL RECORDS**<br>**AND**<br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SANCTIONED** |

　　　　On September 23, 2024, the Court entered a Minute Order (ECF No. 170)("09/23/24 Order") granting plaintiff's motion for reconsideration and compelling defendants to produce to plaintiff a complete copy of the plaintiff's medical records.  *Id.*   On October 2, 2024, the plaintiff filed a *Motion Failure to Comply* (ECF No. 173)("Motion") arguing that defendants did not comply with the Court's 09/23/24 Order.  On October 3, 2024, plaintiff supplemented (ECF No. 174) his Motion with additional facts, stating that defendants will not produce to him his medical unless plaintiff submits a kite and waits until the warden's office responds to his kite.  The Court has also reviewed defendants' *Notice of Compliance Pursuant to ECF No. 170* (ECF No. 172), in which defendants claim to have complied with the Court's 09/23/24 Order.  Specifically, defendants claim that they somehow complied with the Court's 09/23/24 Order because the Office of the Attorney General ("OAG") "mailed Green's medical records [to Lovelock Correctional Facility] with a note informing Green that he must kite to review his medical records."  The OAG imposed additional restrictions and instructed the prison to limit plaintiff's access to his medical records and requiring plaintiff to only be able to "review them with his Case Worker in a supervised setting."  ECF No. 172-3.

　　　　Notwithstanding the caption of defendants' filing ("*Notice of Compliance Pursuant to ECF No. 170*") and defendants' claims to have complied with the Court's 09/23/24 Order, defendants manifestly

did <u>not</u> comply with the Court's order.

The Court's 09/23/24 Order clearly and unequivocally commanded defendants to "serve the plaintiff with a complete copy of his medical records" through September 23, 2024. ECF No. 170. The Court did not impose any restrictions or limitations. The Court did not require plaintiff to file a kite, and wait for a response to his kite, to get his medical records. The Court did not allow defendants to impose such a restriction. The Court did not require plaintiff to view his medical records only with a Case Worker and in a "supervised setting." To be sure, defendants did not request any such restrictions in response to plaintiff's motion (ECF No. 164) requesting his medical records. In fact, defendants did not respond to plaintiff's motion (ECF No. 164). The Court's 09/23/24 was clear and defendants failed to comply.

Accordingly,

**IT IS ORDERED** that defendants shall forthwith produce directly to plaintiff, without requiring plaintiff to submit a kite or any other request, copies of his medical records through September 23, 2024, by no later than **1:00 pm, Monday, October 7, 2024.**

**IT IS FURTHER ORDERED** that plaintiff shall have the right to review his medical records in his cell, without his Case Worker, if plaintiff so elects.

**IT IS FURTHER ORDERED** that defendants shall file a brief by **October 18, 2024**, and show cause defendants and/or their counsel should not be sanctioned pursuant to Fed. R. Civ. P. 16 and/or Fed. R. Civ. P. 37.

DATED: October 4, 2024.

**IT IS SO ORDERED**

_____
Maximiliano D. Couvillier III
United States Magistrate Judge