1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BRANDON GREEN,

              Plaintiff,

    v.

CHARLES DANIELS, *et al.*,

              Defendant.

Case No. 2:21-cv-00681-RFB-MDC

**ORDER**

### I.    INTRODUCTION

Before the Court are three motions for summary judgment, two motions for clarification, a motion to seal, and a motion for "untimely response." ECF Nos. 140, 142, 148, 154, 149, 160, 163. For the following reasons, the Court denies Defendants' first motion for summary judgment, Plaintiff's motion for untimely response, and Plaintiff's motion for summary judgment, while granting Defendants' motion to seal, Defendants' second motion for summary judgment, Plaintiff's motion for clarification, Defendants' motion for clarification, and Plaintiff's motion for supplemental exhibits.

### II.    PROCEDURAL HISTORY

On April 23, 2021, Plaintiff Brandon Green initiated this case by filing the Complaint. ECF No. 1. On January 31, 2022, the Court screened the Plaintiff's Complaint. ECF Nos. 10, 11. The following claims were allowed to proceed: (1) Eighth Amendment conditions of confinement claim against Defendants Charles Daniels and Calvin Johnson for injunctive relief only; (2) Eighth Amendment deliberate indifference to a serious medical need claim against Defendants Jaymie Cabrera, Benedicto Gutierrez, and John Doe 4 for injunctive, monetary, and declaratory relief; and

1
2
3

(3) an Eighth Amendment deliberate indifference to prisoner safety claim against Defendants Christiann Guadarmarra and Hernandez for monetary and declaratory relief, and Defendants Daniels and Johnson for injunctive relief only.[1] Id.

4
5
6
7
8
9
10
11
12

On February 10, Plaintiff filed a motion to substitute Ben Guteirez for John Doe 1 and Jaymie Cabrera for John Doe 2. ECF No. 12. A week later, he filed a motion for preliminary injunction, ECF No. 13, and then a letter requesting the status of the case. ECF No. 14. On August 15, the Court granted the motion to substitute and denied the motion for preliminary injunction. ECF No. 15. On September 27, Plaintiff filed another motion for preliminary injunction. ECF No. 20.  It was briefed by October 17. ECF No. 22, 26. On January 11, 2023, Plaintiff filed a motion for summary judgment. ECF No. 42. It was briefed by February 15. ECF Nos. 44, 46. The Court held a hearing on the pending motions on May 12. ECF No. 76. On July 31, the Court denied the motion for preliminary injunction and the motion for summary judgment. ECF No. 88.

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff filed another motion for summary judgment on January 8, 2024. ECF No. 114. It was briefed by February 1. ECF No. 127, 129. On May 10, Defendants filed the instant motion for summary judgment, as well as a motion to seal. ECF Nos. 140, 142. The motions were briefed by May 1. ECF Nos. 140, 146, 147. On May 3, Plaintiff filed a "motion untimely response." ECF No. 148. This motion was briefed by May 24. ECF Nos. 149, 150. On June 7, the Court issued a Minute Order denying Plaintiff's motion for summary judgment as premature since discovery was not scheduled to conclude under March 13. ECF No. 151. Plaintiff filed a motion for clarification on June 20 and Defendants filed a motion for clarification on July 29, concerning whether the motions for summary judgment must be refiled. ECF Nos. 154, 160. On July 26, Plaintiff filed his instant motion for summary judgment. ECF No. 159. Defendants filed their motion for summary judgment on August 12. ECF No. 163. Both motions were briefed by August 29. ECF Nos. 166-169. The Court held a hearing on the pending motions on November 27 and December 13. ECF Nos. 184, 188. Plaintiff filed a notice of change of address on January 31, 2025, notifying the Court that he had been released from prison. ECF No. 195.

27
28

[1] Neither Christian Guadarmarra nor Hernandez appear to have been served. The Office of the Attorney General notes that it is not representing either Defendant.

The Court's Order follows.

### III.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

### A.  Undisputed Facts

On June 10, 2020, Plaintiff began serving his prison sentence at HDSP. His medical intake reflects that he was prescribed Tylenol for his shoulder pain. On June 22, HDSP medical staff conducted a physical examination of Plaintiff. On July 13, HDSP medical providers scheduled an X-ray for his right and left shoulder. However, Plaintiff refused to have the X-ray taken. Plaintiff again received pain medication on July 30, 2020.

On January 18, 2021, Plaintiff filed a grievance: "I've written Kites since Oct 2020 to Medical and have no response or treatment yet. I am supposed to be on a medical flat yard and given wide medical shoes along with other things[.]"

On February 10 or 11, 2021, Plaintiff filed another grievance: "Medical has refused to treat or even see me. They have not responded to any medical kites since Oct. Even my attorney has tried contacting the facility to no- avail. I am in constant pain and turmoil[.]"

Defendant Cabrera responded to Plaintiff's kite informing him that she could not find any records regarding his workers' compensation claim and that he should contact his caseworker. Defendant Cabrera also spoke with Plaintiff's attorney regarding his workers' compensation claim. Plaintiff Cabrera informed Plaintiff's attorney that pursuant to NDOC's Medical Directive 425, because Plaintiff's workers' compensation case was from his employment prior to being incarcerated in 2019, NDOC was required to assess and evaluate him before sending him to an outside specialist and/or physical therapist.

Between June 1 and August 9, Plaintiff received pain medication.

On September 28, Plaintiff filed another grievance: "Medical has refused to treat me and has ignored and refused to answer my kites for the last 5 months. Because I wrote a grievance I believe they have conspired against me."

On November 29, Plaintiff was scheduled to have another X-ray taken, but he refused. Plaintiff's medical provider stated in his progress notes that he "can't proceed with anything if

inmate/patient is declining even baseline X-rays, how can…we take care of him."

On November 29, Plaintiff filed another grievance: "During a visit to the provider/ the doctor. He became very hostile, he refused to allow me to respond to the question asked. he has prolonged my medical treatment and refused to address my issue, leaving me in severe pain." The same day, he filed another grievance: "I was seen on 5/25/21 by the provider, he was unable to fully treat me because all my previous records were not updated because I was released then returned again[.]"

The first grievance received the following response: "Per medical (myra) Dr was attempting to treat with xray, you refused treatment. evaluation was terminated." The second grievance received this response from Christopher Nehls: "I have reviewed your grievance, medical records and medication record. You are on a High Desert State Prison medical provider list for an appointment per your request for your ongoing medical issues per Operational Procedure 619.24."

On December 7, 2021, Plaintiff kited Defendant Cabrera seeking to order an x-ray.

On December 17, 2021, he filed another grievance: "I've complained for months of severe chest pain and pains in other parts of my body knee, shoulder & back that causes extreme pain and discomfort. I have a heart condition that I explained & causes severe heart pains…" In response, he received the following from Gustavo Sanchez: "You have been placed on the list to see the doctor."

On March 22, 2022, Defendant Cabrera responded to a kite submitted by Plaintiff, where he requested to have an X-ray appointment rescheduled.

On April 1, Plaintiff received several X-rays of his right knee, right shoulder, lumbar spine, and abdomen. The results showed no issues with the right shoulder or right knee and the lumbar spine showed no degenerative changes.

On November 29, 2022, NDOC medical personnel informed Plaintiff that because his previous X-rays were negative there was no reason to request an MRI.

On December 19, NDOC administered Plaintiff with an Electrocardiogram (ECG) for his heart. On February 8, 2023, Plaintiff was given a second ECG and was prescribed pain medication.

On March 4, 2023, Plaintiff receives a third ECG. On March 17, 2023, Plaintiff received an X-ray of his chest which did not show any issues. In April, he received a wide shoe. In May, he received another cardiology exam.

### B.  Disputed Facts

The parties disagree about the adequacy of the medical treatment Plaintiff received while housed at HDSP. Plaintiff alleges that Defendants engaged in deliberate medical indifference and refused to provide him with the medical treatment he needed. Defendants assert that Plaintiff received adequate medical treatment and often refused the treatment offered by HDSP medical professionals.

### IV.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V.    DISCUSSION

The Court will first address both parties' motions for clarification, before turning to the parties' motions for summary judgment. The Court will then consider the miscellaneous motions.

### A.  Motions for Clarification

In a Minute Order on June 7, 2024, the Court denied Plaintiff's motion for summary

judgment as it was filed before the close of discovery. However, the Court did not rule on Defendants' similarly premature motion for summary judgment. Both parties' filed motions requesting clarification on whether they must refile their motions. The Court grants the parties' motions for clarification and denies Defendants' earlier motion for summary judgment as premature. The Court will now turn to the timely motions for summary judgment filed on July 26 and August 12.

**B.  Conditions of Confinement and Failure to Protect Claims**

Pursuant to the Court's Screening Order, Plaintiff was allowed to proceed on an Eighth Amendment conditions of confinement claim against Defendants Daniels and Johnson solely for injunctive relief. The claim concerned Plaintiff's lack of outdoor exercise time. Plaintiff was also allowed to seek injunctive relief against Defendants Daniels and Johnson on a failure to protect claim under the Eight Amendment. Finally, he was allowed to seek injunctive relief on his medical inference claim against John Doe 1 (later substituted for Ben Guteirez) under the Eight Amendment. The Court finds that Plaintiff's claims for injunctive relief are moot because he has been released from custody. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.").

Federal courts lack jurisdiction over claims that have been rendered moot because "the issues presented are no longer live" or because the parties no longer possess "a legally cognizable interest in the outcome." Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir.2012) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." Id. at 1064 (internal citation omitted).

Here, there is no factual dispute that Plaintiff is no longer in prison. Per Plaintiff's January 31, 2025, notice to the Court, he was released from prison on January 13. Therefore, he has been removed from the environment in which was subject to the alleged violations, including lack of outdoor time, inadequate medical care, and failure to protect. Plaintiff has not alleged a reasonable

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

expectation that Defendants could violate rights in the future. See Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 854 (9th Cir. 1985). Therefore, any injunctive relief ordered by the Court "would have no practical impact on his rights and would not redress in any way the injury he originally asserted." Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (internal citation omitted); see also See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1095–96 (9th Cir. 2004) ("McQuillion's release extinguishes his legal interest in an injunction because it would have no effect on him."). Therefore, Plaintiff's claims for injunctive relief are moot.[2]

**C.  Deliberate Indifference to A Serious Medical Need Claim**

Plaintiff was also allowed to proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against Defendants Jaymie Cabrera and Benedicto Gutierrez for monetary relief.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of a prisoner. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (overruled on other grounds).  To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted).

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide

---

[2] The Court does not address Defendant's argument that Plaintiff failed to exhaust his conditions of confinement claim because the claim is already being dismissed as moot.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

medical care." Id. (internal quotations omitted). This requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2016).

A mere difference of medical opinion cannot support a claim of deliberate medical indifference. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Instead, a plaintiff must show "that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." Id. (internal quotation marks and citations omitted) (alteration in original). When a prisoner claims deliberate indifference based on a delay in providing medical treatment, they must show that the delay led to further harm. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). Prison officials who know of a substantial risk to a prisoner's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. Farmer, 511 U.S. at 844.

The standard for deliberate indifference is "less stringent in cases involving a prisoner's medical needs . . . because the State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns." Snow, 681 F.3d at 985 (internal quotations omitted). Thus, in deciding whether there has been deliberate indifference, courts "need not defer to the judgment of prison doctors or administrators." Id. at 985 (internal quotations omitted).

The Court finds that there is no dispute that the Defendants in this case were acting under color of state law or that Plaintiff's chest, back, foot, and shoulder pain, which caused him substantial pain, is an objectively serious medical need. See Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) ("Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's

- 8 -

daily activities; or the existence of chronic and substantial pain.'").

However, Plaintiff has failed to meet his burden to establish that Defendants were deliberately indifferent under the subjective prong of the test. There is no evidence that Defendant Gutierrez had any involvement in treating Plaintiff for any of his medical conditions, or was aware of his medical issues. Therefore, Defendants' motion for summary judgment is granted as to Defendant Gutierrez.

Plaintiff has also failed to provide any facts or evidence from which a reasonable jury could conclude that Defendant Cabrera intentionally delayed or denied him appropriate medical care. From the record, Defendant Cabrera's actions consisted of two responses to Plaintiff's kites. She was not personally involved with diagnosing him or treating them beyond providing the two responses. In the first, she spoke with Plaintiff's attorney regarding his workers' compensation claim. In the second, she scheduled an x-ray appointment. There was a considerable delay between his December 7, 2021, kite requesting the x-ray and her response on March 22, 2022. Even considering the delay, however, the record reflects that her failure to respond did not delay his medical treatment. He was receiving pain medication in the interim, he received a separate response from Gustavo Sanchez concerning the status of his medical care, and Plaintiff had already twice denied x-rays. Once Defendant reviewed the kite on March 22, he was scheduled for an x-ray and received continued medical care including pain medication, x-rays and ECG's. While this delay may constitute negligence, nothing in the record supports a finding that the failure to schedule another x-ray was deliberate. See Frost, 152 F.3d at 1130 (alleged delays in administration of pain medication, treatment of a broken nose, and providing plaintiff with a replacement crutch may have amounted to negligence but were not enough to establish deliberate indifference). The undisputed facts reflect that HDSP took steps to treat this pain.

Moreover, Plaintiff's evidence is insufficient to show that any delay in receiving the surgery caused him substantial harm. Plaintiff provided no evidence that his shoulder, knee, or heart issues worsened in the interim between when he requested the x-ray and received it. See Rowland v. Keller, 27 F. App'x 816, 817 (9th Cir. 2001). ("Rowland did not present any medical evidence showing that the delay caused him further injury[.]"). The later x-rays did not reflect that

there was a serious injury or that the delay lead to a worsening condition. cf. Shapley, 766 F.2d at 407 (delay of one year in providing knee surgery for inmate, resulting in serious aggravation of injury and permanent impairment, may be actionable); Hunt v. Dental Department, 865 F.2d 198, 199 (9th Cir.1989) (three month delay in replacing dentures, causing gum disease and possibly weight loss constituted Eighth Amendment violation). While Plaintiff states that he experienced continued pain, the undisputed evidence shows that Defendant Cabrera processed his grievance and HDSP took steps to alleviate his symptoms.

This Court finds that Plaintiff has not presented evidence sufficient to create a triable issue of material fact as to whether Defendants Guiterrez and Cabrera deliberately delayed the x-rays or other treatment. Defendants are therefore entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Therefore, Defendants' motion for summary judgment is granted and Plaintiffs' motion for summary judgment is denied. Plaintiffs' claims for injunctive relief against Defendants Daniels and Johnson are denied as moot and Plaintiff's claims for monetary damages against Cabrera and Gutierrez are denied due to Plaintiff's failure to raise a genuine dispute of material fact that Defendants acted with deliberate indifference.[3]

**D.  Motion to Seal**

Defendants filed a motion to seal Exhibit B filed with the first Motion for Summary Judgment. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir.2010). The need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at

---

[3] With the claims dismissed against Defendants Daniels, Johnson, Cabrera, and Gutierrez, the Court finds there are no remaining defendants who have been served. See Patchick v. Kensington Pub. Corp., 743 F.2d 675, 677 (9th Cir. 1984).

*1 n.1 (N.D. Cal. Jan. 10, 2011); <u>Wilkins v. Ahern</u>, No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, Exhibit B contains Plaintiff's sensitive health information, including medical history, medication logs, and doctors' notes. Balancing the need for the public's access to information against this sensitive medical information weights in favor of sealing the exhibit. Thus, Defendants' motion is granted.

**E.  Motion for Untimely Reply**

Plaintiff filed a motion stating that Defendants' reply was untimely. However, a review of the docket finds that Defendants had until May 1, 2024, to file their reply in support of their motion for summary judgment, which they did. Therefore, Plaintiff's motion is denied.

**F.  Motion to Supplement Exhibits**

Following a hearing before the Court, Plaintiff filed a motion to supplement exhibits. This motion is granted as the Court sought additional records concerning the status of Plaintiff's medical care in relation to his claim for equitable relief.

**VI.    CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 140), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal, (ECF No. 142), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Untimely Response, (ECF No. 148), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clarification, (ECF No. 154), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 159), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification, (ECF No. 160), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (ECF

No. 163), is **GRANTED**.

  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Supplemental Exhibits, (ECF No. 190), is **GRANTED**.

  **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

**DATED:** March 31, 2025.

                 _____

                 **RICHARD F. BOULWARE, II**
                 **UNITED STATES DISTRICT JUDGE**